### STATE *vs*. WINFIELD LAMONT.

### Cumberland.    Opinion March 3, 1925.

*No specific number of sales are necessary, since the repeal of Sec. 14, of Chap. 225, Public Laws, 1856, to establish the offense of common seller of intoxicating liquors, nor are conclusive proof.*

*The elements constituting this offense may be proven without any evidence of actual sales; or one or more sales under the circumstances shown to exist may warrant a jury in finding a verdict of guilty.*

In this case there was evidence in addition to and accompanying the sales actually proven, which warranted the presiding Justice in denying a motion for a directed verdict of not guilty and submitting the case to the jury under appropriate instructions, which it must be assumed were given.

On exceptions by respondent.    The respondent was indicted as a common seller of intoxicating liquor, and pleaded not guilty, and at the close of the testimony at the trial filed a motion for a directed verdict of not guilty which was overruled by the presiding Justice and exceptions entered.    No testimony was offered by the respondent. Counsel for the respondent contended under his exceptions that proof of four separate sales of alcohol by the respondent under the admitted circumstances without further proof of any kind was not sufficient to sustain a conviction of such an offense.    Exceptions overruled.    Judgment for the State.

The case appears in the opinion.

*Ralph M. Ingalls, County Attorney and Clement F. Robinson, Deputy Attorney General,* for the State.

*William B. Mahoney and William C. Eaton,* for the respondent.

SITTING:  CORNISH, C. J., PHILBROOK, MORRILL, WILSON, STURGIS,
    BARNES, JJ.

WILSON, J.  The respondent was indicted as a common seller of
intoxicating liquors.  The evidence shows four instances of actual
sales to one person, a Deputy Sheriff, within three months.  The
respondent moved for a directed verdict of not guilty, which was
denied.  The jury returned a verdict of guilty.  The case is before
this court on respondent's exception to the court's refusal to direct a
verdict in his favor.

The respondent contends that four distinct sales to the same person,
each separated by some little period of time, is not sufficient to
warrant a verdict of guilty of the offense charged.

Under a former statute, Chap. 255, Public Laws, 1856, Sec. 14,
any person who was proven to have made three sales of intoxicating
liquor within the time laid in the indictment, or twice convicted
of unlawful sales, and who should commit a third offense under the
Act prohibiting the sale of intoxicating liquors within six months
of the last conviction, should be deemed a common seller.  The
Legislature presumably adopting this arbitrary rule in view of that
followed in the case of common barrators and common gamblers.
Bish. Crim. Law, Vol. II., Sec. 65, 3; Bish. Statutory Crimes, Sec.
879; *Com.* v. *Tubbs*, 1 Cush., 2.

Since the repeal of the above act, however, the court has refused
to follow this arbitrary rule and has held that no specific number of
sales was necessary or conclusive.  *State* v. *O'Connor*, 49 Maine, 595;
but it was for the jury to determine from all the evidence whether
the respondent could be said to be habitually and continually engaged
in selling liquor in distinction from individual sales,—one who sells
frequently, whenever applied to, customarily, in distinction from
isolated sales.

These elements may be proven without any evidence of actual
sales; or one or more sales under the surrounding or accompanying
circumstances may be sufficient to warrant a jury in finding a respond-
ent guilty of this offense.

In the case at bar, there was evidence in connection with the actual
sales from which the jury might fairly have inferred that this respond-
ent had a ready source of supply and in considerable quantity, not
only of alcohol, but sometimes could obtain Scotch whiskey; that

a method of communication was agreed upon whenever the complainant should want to purchase and that the respondent was also delivering not only to the complainant, but to others; and that during the period of these sales, he did not appear to have any other regular business, if otherwise engaged at all.

We think the presiding Justice was warranted in submitting the case to the jury under appropriate instructions, which we must assume were given.

Entry will be:

<div align="right">

*Exceptions overruled.*
*Judgment for the State.*